## Dorfman v. Philadelphia Transportation Company et al.

*R. M. Bernstein*, for plaintiff.

*J. B. Leopold* and *J. J. McDevitt, 3rd*, for defendant, Philadelphia Transportation Company.

*Swartz, Campbell & Henry*, for defendant,Coulson, etc.

Smith, P. J., February 14, 1952.—This matter comes before the court on defendant Coulson's petition for discovery under Pa. R. C. P. 4007 and 4009.

The petition asks that plaintiff produce his books and records of his business and earnings and so submit to oral examination. Plaintiff has brought an action in trespass against defendant Coulson and the Philadelphia Transportation Company, claiming, inter alia, damage for loss of earnings and possible impairment of earning capacity. The petition "avers that the plaintiff is the sole proprietor of a small business enterprise, the earnings of which plaintiff is in sole and exclusive possession, and defendant is without access to the nature of plaintiff's business, the amount of his earnings and the extent of any earnings he may have lost as the result of this accident".

The Rules of the Court of Common Pleas here involved are rule 4007(*b*), "subject to the limitations provided by Rule 4011, the Court on petition of any party may allow the taking of depositions orally or by written interrogatories approved by the court of any party or person to discover facts, including the existence and location of tangible things".

Paragraph 4011, which provides for the limitation of scope of discovery and inspection, states:

No inspection shall be permitted (4) ; "which is not necessary to prepare the pleadings or prove a prima facie claim or defense of the petitioner."

The sole question presented is whether discovery here sought is necessary to prove a defense in the trial of the issue. It is the contention of defendant that at the time of trial plaintiff may be cross-examined as to his loss of earning power in the business he conducts. We see no evidence of bad faith in asking for the per-

mission to examine plaintiff and the records and books of his business, or that it will cause unreasonable annoyance, embarrassment, expense, or oppression to plaintiff. The items of damage are a material matter in the claim and the defense of the case. An examination of the books and records and any explanation that plaintiff may make as to their contents before trial will make them more reasonably understandable to defendant and will enable him to prove as a defense the actual loss of earnings from the business than any cross-examination of plaintiff at the time of trial. For this reason we enter the following

### Order

And now, to wit, February 14, 1952, it is ordered and decreed that plaintiff subject himself and his business books of accounts and records to the defendant so that he may be properly orally interrogated thereon at a time mutually satisfactory to his attorney and the attorney of Richard Coulson.